## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TAMARA JEAN FARRELL-SHANLEY, )<br>an individual, )<br> )<br>Plaintiff, )<br>vs. )<br> )<br>MCDONOUGH PROMENADE, LLC, )<br>a Georgia Limited Liability Company, )<br> )<br>Defendant. )<br>_____ / ) | CASE NO.: |

## COMPLAINT

Plaintiff, TAMARA JEAN FARRELL-SHANLEY, through her undersigned counsel, hereby files this Complaint and sues MCDONOUGH PROMENADE, LLC, a Georgia Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3.      Plaintiff, TAMARA JEAN FARRELL-SHANLEY, (hereinafter referred to as "MRS. FARRELL-SHANLEY"), is a resident of Henry County, Georgia.

4.      MRS. FARRELL-SHANLEY is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia.  She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5.      Due to her disability, MRS. FARRELL-SHANLEY is substantially impaired in several major life activities, including walking.

6.      Defendant, MCDONOUGH PROMENADE, LLC, a Georgia Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia.  Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the

subject of this action, to wit: the Property, known as McDonough Promenade, located at 1381-1401 Highway 20 W, McDonough, Georgia 30253.

7.   All events giving rise to this lawsuit occurred in the Northern District of Georgia, Henry County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.   Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9.   The Property, a shopping center, is open to the public and provides goods and services to the public.

10.   MRS. FARRELL-SHANLEY, who resides in close proximity to the Property, has visited the Property and attempted to utilize the facilities offered at the Property.

11.   While at the Property, MRS. FARRELL-SHANLEY experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12.   MRS. FARRELL-SHANLEY continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

13.   MRS. FARRELL-SHANLEY plans to and will visit the property in

the near future to utilize the goods and services offered thereon.  However, but for the barriers to access at the Property, Plaintiff would visit the Property more often.

14.    Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following barriers to access which Plaintiff personally observed and which hindered her access:

A.    Plaintiff encountered inaccessible parking spaces designated for disabled use near China Express, El Agave Mexican Restaurant and DC Nails stores due to curb ramps which protrude into the access aisles of each of the disabled use parking spaces;

B.    Plaintiff encountered inaccessible parking spaces designated for disabled use near China Express, El Agave Mexican Restaurant and DC Nails stores due to signage mounted very low where it is obstructed by parked vehicles.

C.    Plaintiff encountered an inaccessible sidewalk near Dent First Dental Care due to a running slope in excess of 1:20 and a rise of over six inches but a lack of handrails.

D.    Plaintiff encountered inaccessible curb ramps throughout the Property due to excessive slopes.  These curb ramps also improperly protrude into the access aisle of the disabled use parking spaces as noted above.

15.    Defendant either does not have a policy to assist people with

disabilities or refuses to enforce such a policy if it does exist.

16.    Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against MCDONOUGH PROMENADE, LLC, and requests the following injunctive and declaratory relief:

A.    That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B.    That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

5

C.    That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512

By: */s/ John A. Moore*
        KU & MUSSMAN, P.A.
        Attorney for Plaintiff
        John A. Moore, Esq.
        Georgia Bar No.: 519792
        Of Counsel
        The Moore Law Group, LLC
        1745 Martin Luther King Jr., Drive
        Atlanta, GA 30314
        Tel.: (678) 288-5601

6

Fax: (888) 553-0071
Email: jmoore@moorelawllc.com